**Bang CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto Gonzales, Respondents.**

**No. 05–1233–AG.**

United States Court of Appeals, Second Circuit.

April 5, 2006.

Bruno Joseph Bembi, New York, New York, for Petitioner.

Stephen P. Sinnott, United States Attorney; Daniel J. Graber, Assistant United States Attorney, Madison, Wisconsin, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 5th day of April, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is

GRANTED, the decision of the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this decision.

Bang Chen, through counsel, petitions for review of the February 25, 2005, order affirming an immigration judge's ("IJ") decision denying his applications for asylum and withholding of removal under the Immigration & Naturalization Act ("INA"), as amended, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the IJ (Sandy K. Horn) decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d. Cir.2005)(citing) *Yu Sheng Zhang v. United States Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004) and 8 C.F.R. § 1003.1(e)(4) (2004). The record indicates that Chen's prior counsel, Jaime Castiblanco, Esq., was misled into believing that Chen's testimony from the previous hearing was not in dispute. It is clear from Castiblanco's statements that he anticipated a "new hearing," and that it was not until after the IJ indicated that the BIA had agreed with Chen's prior testimony that Castiblanco decided to submit only the additional evidence.

The affidavit referred to by the Government in its brief before this Court is consistent with Chen's argument that his prior counsel relied on the assurances of the IJ. The affidavit, dated November 19, 2003, and not September 19, 2003 as the Government asserts, was submitted to the IJ *after* the hearing containing the exchange in question. In it, Castiblanco stated that he was submitting further documents on behalf of Chen, that he had reviewed the transcript of the proceedings,

and did not "see a need to take further testimony" because Chen relied upon "the judgement (sic) of the Board as to not agreeing with the [IJ's findings] as to [Chen's] not having well founded fear of persecution." These circumstances support Chen's argument that the attorney relied on the assurance of the IJ and the IJ's subsequent adverse credibility finding was therefore rendered in error without a full development of the record below. We note that the IJ erroneously concluded that Chen had failed to submit an affidavit from his father. That affidavit had been provided.

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this decision.